UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ANDY BRADLEY,                                    :

               Petitioner,          :

       -against-                       :          **REPORT and RECOMMENDATION**

THE PEOPLE OF THE STATE OF NEW   :          07 Civ. 9466 (DAB)(KNF)
YORK,
                             :
               Respondent.
-------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

     Andy Bradley ("Bradley"), proceeding pro se, has made an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In February 2002, after a jury trial, Bradley was

convicted in the New York State Supreme Court, New York County, for criminal sale of a

controlled substance in the third degree.  Thereafter, he was sentenced to a term of 4 ½ to 9 years

incarceration.  The conviction was affirmed unanimously by the New York State Supreme Court,

Appellate Division, First Department, on February 17, 2004.  See People v. Bradley,

4 A.D.3d 155, 156, 772 N.Y.S.2d 41, 42 (App. Div. 1ˢᵗ Dep't 2004).  Bradley sought leave to

appeal, from the determination of the Appellate Division, to the New York Court of Appeals.

That request was denied.  See People v. Bradley, 2 N.Y.3d 796, 781 N.Y.S.2d 295 (2004).

     Bradley asserts in the application for the writ that, in 2005, he exhausted all state

remedies available to him for challenging the judgment of conviction.  Approximately two years

later, in 2007, the instant application for a writ of habeas corpus was filed with the Clerk of

Court.  For the reason set forth below, the petition should be dismissed.

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by a State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence."  See also Hizbullahankhamon v. Walker,
255 F.3d 65, 69 (2d Cir. 2001); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002).

While the one-year period of limitation is tolled during the pendency of a properly filed

petition for collateral review in the state courts, see Artuz v. Bennett, 531 U.S. 4, 8-11, 121 S. Ct.

361, 363-65 (2000), no facts are before the Court that establish the tolling provision is applicable

to the case at bar.  Based upon the declarations made by Bradley, under penalty of perjury in his

application for the writ, indicating that he was convicted in 2004 and, in 2005, exhausted all state

remedies available to him for challenging the propriety of his conviction, the Court finds that

Bradley's 2007 application for the writ was not made timely, as required by 28 U.S.C. §

2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A court may raise a habeas corpus petitioner's apparent failure to comply with the applicable statute of limitations on its own and need not require a respondent to answer an untimely petition.  See Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000).  Therefore, in the circumstance of the instant case, the Court recommends that Bradley's application for a writ of habeas corpus be dismissed by the court, sua sponte.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl St., Room 2510, New York, New York 10007, and to the chambers of the undersigned, 40 Centre St., Room 540, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank

v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d

Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York                     Respectfully submitted,
      November 16, 2007

                                              KEVIN NATHANIEL FOX
                                              UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Andy Bradley